[No. 15322.    Department Two.—June 12, 1894.]

CHEW    FARNG, RESPONDENT, *v.* W. A. KEEFER ET AL., APPELLANTS.

CONTRACT TO PAY FOR LABOR FURNISHED—PLEADING—EVIDENCE—WRITTEN INSTRUMENT—VERBAL AGREEMENT.—A complaint which alleges that "an agreement was entered into between the plaintiff and the defendants," whereby the latter agreed to pay the former the price of labor furnished to the latter, cannot be said to count upon a written contract alone, and evidence of a verbal contract between the parties is admissible in support of the allegation, and the fact that a written agreement is proved does not preclude evidence of a verbal promise to pay for the labor furnished.

ID.—EVIDENCE—RESCINDED INSTRUMENT.—A rescinded instrument in writing between the plaintiff and another party may be offered in evidence as explanatory of his agreement with the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Eugene N. Deuprey,* for Appellants.

*Roger Johnson,* for Respondent.

VANCLIEF, C.—This action was brought against appellant and others to recover the price of labor of a gang of Chinamen alleged to have been furnished by the plaintiff to defendants under an agreement.

The plaintiff had judgment against the defendant Keefer, alone, for thirteen hundred and thirty dollars and ninety-three cents and costs, who appeals therefrom and from an order denying his motion for a new trial.

It is contended here by counsel for appellant that, while the complaint counts upon a certain written contract to which neither of the defendants was a party, the plaintiff was permitted, against the objection of defendants, to prove and to recover upon a distinct contract between different parties.

But this contention is founded upon a misconception of the complaint in which no written agreement is alleged, the allegation being that "*an agreement* was entered into between *plaintiff* and *defendants,* whereby plaintiff undertook to furnish certain Chinese laborers to work upon the construction and widening of a certain water ditch . . . . for which defendants agreed to pay plaintiff the sum of one dollar and ten cents per day for each laborer so furnished and employed."

It appears that Keefer was interested in the construction of the ditch, he being a stockholder of the corporation which owned the ditch, and the owner of a gravel mine, to be worked by water from the ditch; that prior to September, 1891, he entered into an agreement with Mrs. S. R. Owen to the effect that he would convey to her one-half of the gravel mine, in consideration whereof she was to furnish the Chinese laborers to widen and repair the ditch. Through his negotiations with the plaintiff a written agreement was drawn up in

duplicate between Mrs. Owen and plaintiff, to the effect that plaintiff would furnish the Chinese laborers to repair the ditch, and that she would pay for their labor at the rate above stated. This agreement was signed in duplicate by both parties to it, but whether at the same time or place is uncertain; and as to whether it was ever delivered as an executed contract the evidence is conflicting. Mrs. Owen testified that she signed the agreement on September 3, 1891, yet one of the copies is dated October 10th. Before the Chinese laborers were employed and sent to the ditch, the agreement between Mrs. Owen and Keefer was rescinded; and on October 10, 1891, a written agreement was executed between the plaintiff and Keefer as follows:

"This agreement, made this tenth day of October, 1891, between W. A. Keefer, party of the first part, and Chew Farng, party of the second part, both of San Francisco, California:

"*Witnesseth,* that whereas Chew Farng has this day entered into a contract with Mrs. S. R. Owen to supply Chinese laborers to work upon a certain water ditch in the county of Calaveras, which more particularly appears from said contract dated 10th October, 1891, which is hereby specially referred to:

"Now, therefore, in consideration of and as a part of said contract, said Keefer agrees to pay to said Farng one-half of the cost of transporting all the provisions which may be sent up to feed said laborers from Valley Springs to the camp of said laborers except that portion of said provisions which Mrs. Owen has by her said contract agreed to transport. He further agrees to provide transportation from said camp to San Francisco, California, for all of said laborers after the completion of their said work except such, if any there be, who shall be discharged from said employment for sufficient cause.

"Said Farng agreed to send the first gang of said laborers up to the work as soon as they can be gotten together, and within twenty days from this date, and

that he will notify said Keefer by or on Wednesday, the 14th of October, 1891, when to have transportation provided for said laborers from Stockton, California, to said work; and if said Farng fails to have said gang of laborers at Stockton at the time he appoints, then he shall pay to said Keefer any damages he may sustain by reason of his having provided for their transportation on said day appointed.        A. W. KEEFER,

"CHEW FARNG."

It was in connection with, and for the purpose of explaining, this agreement that the agreement between Mrs. Owen and the plaintiff was admitted, and for this purpose it was admissible.

It does not appear that the judgment was based upon the contract with Mrs. Owen. The evidence strongly tends to prove, and the court found, that, in addition to his written agreement to pay for the transportation of the Chinamen, Keefer verbally promised to pay for all their labor, and there is no question that he did pay all that had been paid before suit, to wit: two thousand and fifty-one dollars and forty cents, without objection.

The findings support the judgment, and there is no sufficient specification of any particular in which it is claimed that the findings are not justified by the evidence either in the statement on motion for a new trial or in the brief for appellant.

I think the judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.

Hearing in Bank denied.